**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

FARI MURRAY, DANIEL MOYLE,
ROY WELSH, CARLOS PALAGUACHI, ROBERT
SANTIAGO, AHMED RADWAN and WARREN
PAYNE,
*individually and on behalf of others
similarly situated,*

                          Plaintiffs,

        -against-

UNITED PARCELS SERVICE, INC.,
WILLIAM GREY, CHANCE STEWART,
and LLOYD HALL,

                         Defendants.

Case No. 2:20-cv-01427-MKB-LB

Hon. Margo K. Brodie

**DEFENDANT UNITED PARCEL SERVICE, INC.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

sf-4484938

## INTRODUCTION

Rather than respond to Defendant United Parcel Service, Inc.'s ("UPS") arguments in its Motion to Dismiss and defend the Second Amended Complaint's ("SAC") many defects, Plaintiffs drop additional claims[1] and merely repeat the SAC's conclusory allegations in their Opposition. Plaintiffs make almost no legal arguments in response to UPS's Motion, leaving UPS's arguments that each of Plaintiffs' claims fail as a matter of law or are not plausibly pled largely undisputed. Plaintiffs cannot avoid the consequences of a poorly researched, unsupported, and disjointed pleading by ignoring UPS's arguments and hoping their inflammatory tone alone clouds the absence of any plausible claim here. Plaintiffs' SAC should be dismissed in its entirety.

## ARGUMENT

### A. The SAC in Its Entirety Is Implausible, as Even the Most Basic Factual Allegations Are Pled "Upon Information and Belief."

Virtually all of Plaintiffs' allegations in the SAC are pled "upon information and belief." (*See* SAC ¶¶ 43-271.) Even the most basic factual allegations essential to Plaintiffs' claims are pled with this "upon information and belief" qualifier, demonstrating Plaintiffs' lack of conviction in their allegations. For example, in support of their NYLL overtime claim, Plaintiffs Palaguachi, Payne, Santiago, and Radwan all allege "[u]pon information and belief" that they "regularly worked more than forty (40) hours per week." (*Id.* ¶¶ 219, 231, 243, 255.)

Although Plaintiffs argue that each allegation made upon information and belief was "accompanied by several other specific factual allegations that amplify Plaintiff's [*sic*] claims,"

---

[1] Plaintiffs' remaining claims are as follows: (1) New York Labor Law ("NYLL") overtime, Count I; (2) NYLL pay notice, Count II; (3) NYLL wage statement, Count III; (4) Title VII wage discrimination, Count IV; (5) retaliation under Title VII, New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"), Counts VI, VII, and VIII; (6) unjust enrichment, Count XI; (7) aiding and abetting against individual defendants under the NYCHRL, Counts XII, XIII, and XIV; (8) employer liability under the NYCHRL, Count XV; and (9) NYLL §§ 215 and 740, Count XVI.

they fail to provide any examples in their Opposition. (Opp'n at 3.) In fact, Plaintiffs' deficient allegations are surrounded by even more allegations pled upon information and belief. After Plaintiffs Palaguachi, Payne, Santiago, and Radwan allege "[u]pon information and belief" that they worked more than 40 hours per week, they further allege "[u]pon information and belief" that they worked as package delivery drivers and "kept track of the hours [they] worked"— allegations that are within their own possession and control, not, as Plaintiffs contend, "peculiarly within the Defendants' knowledge."[2] This is cause for dismissal. *See Gilford v. NYS Off. of Mental Health*, No. 17-cv-8033 (JPO), 2019 WL 1113306, at *5-6 (S.D.N.Y. Mar. 11, 2019) (dismissing complaint where "scores of the basic factual allegations [pled on information and belief were] clearly within the personal knowledge of [the plaintiff], such as her own employment history and her medical records").

None of the cases cited by Plaintiffs in their Opposition are on point. (*See* Opp'n. at 3-5 (citing, for example, *Liberty Ins. Corp. v. Brenman*, No. 14-CV-5892 (CBA) (LB), 2016 WL 880170, at *4 (E.D.N.Y. Mar. 1, 2016) (complaint contained "highly specific factual allegations . . . not pled 'on information and belief'"); *United States ex rel. Chorches v. Am. Med. Response, Inc.,* 865 F.3d 71, 83 (2d Cir. 2017) (complaint contained plausible allegations that basis for factual allegations made on "information and belief" was "uniquely within [the opposing party's] knowledge and control")).) Plaintiffs also falsely suggest that the cases cited in UPS's opening brief have little connection to Plaintiff's wholesale "upon information and belief" pleading. (*See* Opp'n at 5-6.) In *Wu v. Good Samaritan Hospital Medical Center*, the court specified that allegations pled upon information and belief "must be accompanied by a statement of the facts

---

[2] (*See, e.g.*, SAC ¶¶ 218-265; Opp'n at 5; see also, e.g., SAC ¶ 294 (alleging "upon information and belief" that "Murray is an African American male"); id. ¶ 105 (alleging "upon information and belief" that "Mr. Moyle was under constant pressure from his superiors"); id. ¶ 215 (alleging "upon information and belief" that "Mr. Welsh [developed] high blood pressure").)

2

sf-4484938

upon which the belief is founded." No. 17-CV-4247 (SJF)(ARL), 2019 WL 2754865, at *4 (E.D.N.Y. July 2, 2019), *aff'd*, 815 F. App'x 575 (2d Cir. 2020). The court dismissed the plaintiff's NYLL and Equal Pay Act claim because the plaintiff, like Plaintiffs here, "[had] not alleged any facts upon which her beliefs are founded."[3] *Id.* In *Singa v. Corizon Health, Inc.*, the court confirmed that making an allegation "'upon information and belief' does not suffice to allege a fact under *Iqbal* and *Twombly* unless plaintiff can point to some facts that make the allegations more than pure speculation" No. 17-CV-4482 (BMC), 2018 WL 324884, at *4 (E.D.N.Y. Jan. 8, 2018)." There the court dismissed the plaintiff's discrimination claim because she had "not pointed to any such facts." *Id.*

Moreover, UPS provided express notice of the "upon information and belief" deficiency in Plaintiffs' proposed SAC to Plaintiffs in early January 2021. (Dkt. 40 at 4.) Yet, Plaintiffs deliberately chose to leave their proposed SAC as is and now attempt to place the blame on this Court for previously "rais[ing] no concern surrounding Plaintiff's [*sic*] use of 'upon information and belief.'" (Opp'n at 3.) But, neither this Court nor UPS had any obligation to educate Plaintiffs on how to correct their numerous pleading deficiencies. Plaintiffs have failed to raise a right to relief above the speculative level, and the SAC should be dismissed on this basis alone.

      **B.**      **UPS's Arguments in Its Motion to Dismiss Are Largely Undisputed.**

UPS's arguments in its opening brief are largely undisputed in Plaintiffs' Opposition. Instead, Plaintiffs spend the majority of their Opposition repeating the same conclusory and inflammatory allegations in the SAC. Even if one were to credit Plaintiffs' allegations pled "upon information and belief" (which would be inappropriate), Plaintiffs have not pled "enough

---

[3] For example, while Plaintiffs plead "[u]pon information and belief" that they "kept track of the hours [they] worked," none of their other allegations in the SAC actually suggests that they did so. Plaintiffs' wholesale use of the phrase "[u]pon information and belief" to qualify each factual allegation in the SAC indicates a lack of reasonable inquiry into Plaintiffs' allegations prior to the SAC's filing. (*See* Fed. R. Civ. P. 11.)

3

sf-4484938

facts to state a claim to relief that is plausible on its face." *Munroe v. Nationstar Mortg., LLC*, 207 F. Supp. 3d 232, 235-36 (E.D.N.Y. 2016) (citation omitted).

### 1. The NYLL Overtime Claim (Count I, Palaguachi, Payne, Santiago, and Radwan) Is Based Solely on CBAs and Therefore Preempted.

Plaintiffs Palaguachi's, Payne's, Santiago's, and Radwan's NYLL overtime claims should be dismissed because they are preempted by the Labor Management Relations Act ("LMRA"). Plaintiffs mischaracterize UPS's LMRA preemption argument as one simply based on Plaintiffs' membership in a union subject to a collective bargaining agreement ("CBA"). (Opp'n at 6.) This is false. Plaintiffs' SAC expressly alleges that "Defendants . . . did not pay [Palaguachi, Payne, Santiago, and Radwan] overtime pay" for the "additional time [they] worked]" on days when they were "required to start earlier or work a more extended day than [their] usual schedule." (SAC ¶¶ 222, 234, 246, 258.) The alleged right to overtime for "additional time" worked beyond Plaintiffs' "usual schedule" does not exist under the NYLL and instead arises solely out of CBAs that applied to Plaintiffs' employment. (*See* UPS's Mot. at 7-8.) In fact, Exhibit A of the SAC confirms and Plaintiffs do not dispute that they are seeking overtime compensation for each hour worked in excess of *eight hours per day*, a right that exists solely within their CBAs. (*See* SAC, Ex. A; Kaufman Decl. ¶¶ 2-3, Exs. A-B, Art. 3 §§ 5-6.)

Plaintiffs nonetheless argue that their overtime claim is not preempted because the SAC "does not refer to a CBA." (Opp'n at 7, 10.) But, "Plaintiffs cannot avoid LMRA preemption merely by 'artfully pleading' their complaint to avoid mention of the CBAs." *DeSilva v. N. Shore-Long Is. Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 546 (E.D.N.Y. 2011). None of the cases cited by Plaintiffs involved an overtime claim based entirely on a CBA. (*See* Opp'n at 8-10 (citing, for example, *Polanco v. Brookdale Hosp. Med. Ctr.*, 819 F. Supp. 2d 129 (S.D.N.Y. 2011) (discussing how rights under the Fair Labor Standards Act, a statute that is no longer even

4

sf-4484938

at issue in this case, are separate from contractual rights under a CBA); *Tran v. Tran*, 54 F.3d 115 (2d Cir. 1995) (holding that an employee subject to a CBA was not required to go through the CBA's grievance process before filing an FLSA lawsuit in court); *Berger v. N.Y. Univ.*, No. 19-CV-267 (JPO), 2019 WL 3526533 (S.D.N.Y. Aug. 2, 2019) (rejecting argument that LMRA preempted overtime claim for which no purported rights under a CBA were at issue)).)

Courts have found LMRA preemption of an overtime claim even where the plaintiff asserted "hybrid" claims arising from both statutory and contractual rights. *See, e.g.*, *Freeman v. River Manor Corp.*, No. 17 CV 05162 (RJD)(RER), 2019 WL 3578432, at *5-6 (E.D.N.Y. Aug. 5, 2019). Here, Plaintiffs are pursuing relief for a right that exists solely within their CBAs. Accordingly, their overtime claim is preempted and should be dismissed.

### 2. The Pay Notice Claim (Count II, Palaguachi, Payne, Santiago, and Radwan) Is Based on a Conclusory Allegation and Should Be Dismissed.

Count II is implausibly pled as it stands because it is based on the conclusory allegation that Palaguachi, Payne, Santiago, and Radwan were not provided with written notice in English, Spanish, and Arabic. Only Palaguachi actually alleges that a language other than English (Spanish) is his primary language, (SAC ¶¶ 11-17, 285), and he provides no additional facts to render plausible a claim that a NYLL § 195(1) violation actually occurred.[4] (SAC ¶¶ 284-287.) Plaintiffs' Opposition does not refute this. Instead, Plaintiffs merely state that they are "uncertain" as to what additional information to provide. (Opp'n at 11.) This does not cure the SAC's deficiencies. Accordingly, Count II should be dismissed.

---

[4] Any new allegations about Plaintiffs' "primary" languages in the Opposition should be ignored. *Galiano v. Fidelity Nat'l Title Ins. Co.*, No. 08–CV–4711 (TCP)(WDW), 2010 WL 9447505, at *3 (E.D.N.Y. Nov. 8, 2010) ("The Court may only look to the complaint in determining the 'propriety' of a 12(b)(6) motion. New facts and allegations, first raised in a plaintiff's opposition papers, may not be considered.") (citation omitted).

>  3. **The Wage Statement Claim (Count III, Palaguachi, Payne, Santiago, and Radwan) Is Implausibly Pled.**

Count III is implausibly pled because it is based on the conclusory allegation that Palaguachi, Payne, Santiago, and Radwan were not provided "an accurate statement . . . as required by NYLL § 195(3)." (SAC ¶ 289.) Count III also fails as a matter of law to the extent it is based on the preempted NYLL overtime claims. Plaintiffs do not mention their wage statement claims at all in their Opposition besides a single conclusory sentence stating that "Defendants also failed to provide Plaintiff's [sic] with the necessary wage statement provision of NYLL." (Opp'n at 12.) Accordingly, Count III should be dismissed.

>  4. **Plaintiff Murray Fails to Allege Facts Sufficient to State a Claim for Title VII Wage Discrimination (Count IV, Murray).**[5]

Plaintiff Murray does not respond to UPS's arguments that his allegations are insufficient to state a claim for Title VII wage discrimination, choosing instead to simply repeat the same conclusory allegations from the SAC. (*See* Opp'n at 19.) Murray still fails to describe facts to support the inference that his "Caucasian comparators" held substantially the same responsibilities as him beyond the conclusory allegations that "[t]here is no difference in job responsibilities for On-Road-Supervisors" and his comparators "held the same title and required the same workload as Plaintiff Murray." (Opp'n at 19; SAC ¶ 295.) *See Motta v. Global Contract Servs. Inc.*, No. 15 Civ. 8555, 2016 WL 2642229, at *2-3 (S.D.N.Y. May 4, 2016) (dismissing wage discrimination claim because plaintiffs failed to plausibly plead that white or male employees referenced in plaintiffs' complaint are similarly situated to plaintiffs).

---

[5] Plaintiffs' Opposition confusingly includes a section on Plaintiff Welsh's "discrimination claims against UPS" in which Welsh alleges he "was a victim of homophobia and religious discrimination." However, there are no claims for discrimination based on religion or sexual orientation alleged in the SAC on behalf of Welsh or any other Plaintiff. Moreover, the specific causes of action that are cited in this section of the Opposition, Counts IX and X, involved only alleged disability discrimination and were dropped by Plaintiffs Welsh and Moyle earlier in the Opposition. (*See* Opp'n at 2, 19-20.)

Merely alleging that other workers with the same job title earned more than he did or "moved up the ranks faster than him" is insufficient to get Murray's claim over the plausibility threshold. *McCray v. Project Renewal, Inc.*, No. 15-CV-8494 (VEC), 2017 WL 715010, at *2, 5 (S.D.N.Y. Feb. 22, 2017) (dismissing Title VII and NYSHRL claims where plaintiff, an African-American male, alleged that the employer paid him a lower salary than other workers in his "same title"). Plaintiff Murray's Title VII wage discrimination claim should thus be dismissed.

### 5. The Retaliation Claims (Counts VI, VII, VIII, Murray and Welsh) Fail Because There Is No Plausibly Pled Protected Activity at Issue.

Title VII, NYSHRL, and NYCHRL prohibit retaliation against employees who engage in "protected activity." *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 261-62 (E.D.N.Y. 2012). To plead that a plaintiff engaged in protected activity, the plaintiff must sufficiently allege that the plaintiff had a "good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013). "Mere subjective good faith belief is insufficient; the belief must be reasonable and characterized by objective good faith." *Id.* at 16 (alterations omitted). Neither Murray nor Welsh has alleged that he engaged in protected activity.[6]

<u>Murray</u>. Murray fails to plausibly allege that he engaged in "protected activity." In the Opposition, he argues that he "filed a complaint about wage and hour theft, insurance fraud." (Opp'n at 14.) As UPS explained in its opening brief and its Motion to Dismiss Plaintiffs' First Amended Complaint, complaints about alleged time theft and insurance fraud do not constitute "protected activity" under Title VII, NYSHRL, or NYCHRL. *See Harris v. NYU Langone Med. Ctr.*, No. 12 CIV. 0454 RA JLC, 2013 WL 3487032, at *27 (S.D.N.Y. July 9, 2013).

---

[6] Plaintiff Welsh's Title VII retaliation claim should be separately dismissed because he does not dispute that he failed to exhaust administrative remedies. The Court need not address Plaintiff Moyle's Title VII retaliation claim because he has dropped that claim.

7

sf-4484938

Moreover, while Murray alleges that he complained about "race-based wage discrimination," he still fails to plead any facts demonstrating how any such complaint was reasonable and raised in good faith. Murray only makes conclusory statements, all based "upon information and belief," that "their similarly situated Caucasian colleagues" were paid more than he was and that "Defendants' [*sic*] failure to pay Plaintiff Murray and all similarly situated employees, equally with their Caucasian coworkers, was based on the Defendant's [*sic*] disdain for Plaintiff's [*sic*] race and gender in violation of Title VII." (SAC ¶¶ 298-99.) Also, Murray alleges in the Opposition that he "provided evidence and complained to HR manager Beverly," but provides no details about this evidence or the purported complaint. (*See* Opp'n at 14.) Because Murray has not plausibly alleged that he engaged in any "protected activity" under Title VII, NYSHRL, or NYCHRL, Murray's retaliation claims should be dismissed.

<u>Welsh</u>. As it stands, Plaintiff Welsh's retaliation claim is based solely on his "complaint concerning homophobia," which boils down to one alleged incident in which he, a self-identified "heterosexual male," claims a "former service provider" and union agent used a homophobic slur. (Opp'n at 13-14; SAC ¶¶ 200-205, 318.) But, the alleged slur was not from any supervisor. *See Olsson v. ABM Taxi Dispatch LaGuardia Airport*, No. 18 Civ. 8815 (PGG), 2020 WL 5038742, at *6 (S.D.N.Y. Aug. 26, 2020) (plaintiff failed to plausibly plead discrimination and hostile work environment claims where he alleged one incident in which a co-worker used a racial slur). Here, there was and continues to be no alleged incident from which Welsh could have had a "good faith, reasonable belief" that UPS violated the law.

Moreover, the reporting of an isolated use of a slur is not enough to sufficiently allege that Welsh engaged in protected activity. *See Semmler v. County of Monroe*, 35 F. Supp. 3d 379, 384-85 (W.D.N.Y. 2014). Welsh argues that *Semmler* is inapplicable because "being called the

8

sf-4484938

B-word does not equate to" the term allegedly used here. (Opp'n at 13.) But, none of the cases cited by Welsh supports his position. For example, Welsh cites *Ewing v. Coca-Cola Bottling Co. of New York, Inc.*, but there, "supervisors" were heard using racial slurs "regularly." No. 00 CIV. 7020(CM), 2001 WL 767070, at *7 (S.D.N.Y. June 25, 2001). Welsh also cites to *Hubbell v. World Kitchen, LLC*, 717 F. Supp. 2d 494 (W.D. Pa. 2010), for the proposition that "[s]ister districts have also held that a 'single act' can trigger an inference of discrimination." (Opp'n at 14.) But, *Hubbell* also did not involve the alleged isolated use of a slur, as here. Plaintiff Welsh's retaliation claims should be dismissed.

### 6. The NYLL Section 740 and 215 Claims (Count XVI, Welsh, Murray, and Moyle) Are Inapplicable Here and Should Be Dismissed.

<u>Section 215</u>. Section 215 prohibits an employer from discriminating or retaliating against an employee for complaining about conduct the employee reasonably and in good faith believes violates any provision of the NYLL. *Wu*, 815 F. App'x at 582. Plaintiffs do not dispute that their Section 215 claim is based solely on the allegation that they "raised concerns" about DOT violations, not any provision of the NYLL. (*See* SAC ¶¶ 398-412.) Plaintiffs' conclusory argument that DOT violations are "directly related" to NYLL provisions fails to address this deficiency. (Opp'n at 15.) Plaintiffs' Section 215 claim should thus be dismissed.

<u>Section 740</u>. Plaintiffs again ignore UPS's arguments on Plaintiffs' deficient pleading of their Section 740 claim. (*See* Opp'n at 15-16.) Murray and Welsh fail to plead any factual allegations identifying the "particular activities, polices or practices in which the employer allegedly engaged" and Murray, Welsh, and Moyle fail to allege any danger to the public health or safety beyond mere speculation. (*See* SAC ¶¶ 398-412). Plaintiffs attempt to distinguish *Cotrone v. Consolidated Edison Co. of N.Y.*, cited in UPS's opening brief, by arguing that parked trucks are not as dangerous as moving trucks. Plaintiffs conveniently overlook, however, that

the parked trucks in *Cotrone*, were allegedly filled with hazardous materials and left unattended. 50 A.D.3d 354, 354-55 (N.Y. App. Div. 2008).

### 7. The Unjust Enrichment Claim (Count XI, Murray, Welsh, and Moyle) Fails as a Matter of Law.

Plaintiffs allege, "upon information and belief," that they paid out of pocket for car accidents that occurred while on the job, gasoline expenses while on the job, and work related cell phone bills. (SAC ¶¶ 85, 92, 353.) Plaintiffs claim they should be reimbursed for said payments and expenses. But, "under New York law, employers do not have to reimburse employees for *business expenses*, *including* 'tools of the trade,' so long as not doing so does not reduce the employee's wage below the minimum wage." *See Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 507 (S.D.N.Y. 2013) (emphasis added). Plaintiffs argue that the expenses alleged here do not constitute "tools of the trade" but cite to no authority for this proposition and ignore that it is not only "tools of the trade" that need not be reimbursed. (*See* Opp'n at 17; *Chan v. Big Geyser, Inc.*, No. 1:17-CV-06473 (ALC), 2018 WL 4168967, at *7 (S.D.N.Y. Aug. 30, 2018).) Plaintiffs also do not plead that their wages fell below minimum wage as a result of the alleged expenses. (*See* Opp'n at 17-18.) "[U]njust enrichment is not a catchall cause of action to be used when others fail." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). Accordingly, the unjust enrichment claim should be dismissed.

### 8. The NYCHRL Employer Liability Claim (Count XV, Murray, Welsh, and Moyle) Fails Because There Is No Plausible NYCHRL Claim.

Count XV is premised on the validity of Plaintiffs' NYCHRL claims. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015). But as discussed above, there are no plausible NYCHRL claims in the SAC. Count XV should therefore be dismissed.

## CONCLUSION

UPS respectfully requests dismissal of the SAC, with prejudice, in its entirety.

10

sf-4484938

| | |
|---|---|
| Dated: New York, New York<br>May 19, 2021 | MORRISON & FOERSTER LLP |

By:   */s/ Jessica Kaufman*

      Jessica Kaufman
      Tiffani B. Figueroa
      Morrison & Foerster LLP
      250 West 55th Street
      New York, NY 10019-9601
      212.468.8000

      Byung-Kwan Park (*pro hac vice*)
      Morrison & Foerster LLP
      425 Market Street
      San Francisco, CA 94105-2482
      415.268.7000

      Attorneys for Defendant
      UNITED PARCEL SERVICE, INC.