**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

FARI MURRAY, DANIEL MOYLE, ROY WELSH,
CARLOS PALAGUACHI, ROBERT SANTIAGO,
AHMED RADWAN and WARREN PAYNE,

(*individually and on behalf of others similarly situated*),   Case No. 2:20-cv-01427-MKB-LB

       Plaintiffs,

    -against-   Hon. Margo K. Brodie

UNITED PARCELS SERVICE, INC., WILLIAM GREY,
CHANCE STEWART, and LLOYD HALL

       Defendants.

------------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS WILLIE GREY, CHANCE STEWART, AND**
**LLOYD HALL'S MOTION TO DISMISS THE LAST**
**AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**


            **WITHERS BERGMAN LLP**
            Laura A. Watanabe
            430 Park Avenue
            New York, New York 10022
            Tel: (212) 848-9800
            Laura.Watanabe@withersworldwide.com

            *Attorneys for Defendants Grey, Stewart, and Hall*

**Table of Contents**

**Page(s)**

Table of Authorities ................................................................................................................. ii

PROCEDURAL POSTURE ......................................................................................................1

LEGAL STANDARDS FOR MOTION TO DISMISS ..............................................................2

ARGUMENT ..............................................................................................................................2

    I.    PLAINTIFFS MOYLE, WELSH, AND MURRAY'S FAILURE TO CHALLENGE OR ADDRESS INDIVIDUAL DEFENDANTS' ARGUMENTS TO DISMISS NYSHRL AND NYCHRL RETALIATION CLAIMS ARE A CONCESSION TO THEIR HAVING NO DEFENSE TO DISMISSAL OF THE REMAINING CLAIMS, OR OTHERWISE SHOULD BE DEEMED AS HAVING BEEN ABANDONED ............................2

    II.    FAILING TO ADDRESS THE LEGAL INSUFFICIENCIES IN THEIR NYCHRL AIDING AND ABETTING CLAIMS, DISMISSAL OF CLAIMS IS PROPER AS HAVING BEEN CONCEDED OR ABANDONED, AND FOR THE REASON THAT NO UNDERLYING RETALIATION CLAIM IS ESTABLISHED ............................5

    III.    PLAINTIFFS MOYLE, WELSH, AND MURRAY'S FAILURE TO CHALLENGE OR ADDRESS DISMISSAL OF NYLL CLAIMS SHOULD BE DEEMED A CONCESSION OR OTHERWISE REGARDED AS HAVING BEEN ABANDONED ...............................................6

        A.    NYLL § 740 Claims .................................................................6

        B.    NYLL § 215 Claims .................................................................9

CONCLUSION ..........................................................................................................................10

**Table of Authorities**

**Page(s)**

**Cases**

*Acosta v. City of N.Y.*,
   11 Civ. 8561 (KBF), 2012 WL 1506954 (S.D.N.Y. Apr. 26, 2012) ........................................3

*Arias v. NASDAQ/AMEX Mkt. Group*,
   00 Civ. 9827 (MBM), 2003 WL 354978 (S.D.N.Y. Feb. 18, 2003)..........................................4

*Barber v. Von Roll U.S.A., Inc.*,
   No. 1:14-CV-907, 2015 WL 5023624 (N.D.N.Y. Aug. 25, 2015)............................................8

*Breitstein v. Michael C. Fina Co.*,
   2016 NY Slip Op 31858(0), 2016 WL 5816210 (Sup. Ct. N.Y. Cnty. Oct. 5,
   2016) ...........................................................................................................................................5

*Brummell v. Webster Cent. School Dist.*,
   06-CV-6437, 2009 WL 232789 (W.D.N.Y. Jan. 29, 2009)........................................................2

*Chevalier v. Civ. Serv. Employees Assn.*,
   No. 1:10-CV-446, 2011 WL 1298739 (N.D.N.Y. Mar. 31, 2011) ...........................................9

*Cotrone v. Consolidated Edison Co. of NY, Inc.*,
   50 A.D.3d 354 (1st Dep't 2008) ..........................................................................................7, 8

*Forrest v. Jewish Guild for the Blind*,
   3 N.Y.3d. 295 (2004) ..............................................................................................................10

*Hernandez v. Weill Cornell Med. Coll.*,
   2015 NY Slip Op 51022(U), 48 Misc. 3d 1210(A), 18 N.Y.S.3d 579 (Sup. Ct.
   Bronx Cnty. July 6, 2015)..........................................................................................................2

*Hughes v. Gibson Courier Servs. Corp.*,
   218 A.D.2d 684 (2d Dep't 1995)..............................................................................................8

*Katz v. Quality Bldg. Servs.*,
   81 A.D.3d 558 (1st Dep't 2011) ..............................................................................................8

*Khan v. State Univ. of N.Y. Health Sci. Ctr. at Brooklyn*,
   288 A.D.2d 350 (2d Dep't 2001) .........................................................................................7, 9

*Knighton v. Mun. Credit Union*,
   2009 NY Slip Op 30204[U], 2009 WL 289668 (Sup. Ct. N.Y. Cnty. Jan. 12,
   2009) ...........................................................................................................................................6

NY28876/0001-US-9433588/7

*Koehler v. Schervier N.C.C.*,
   2012 NY Slip Op 33448[U], 2012 WL 10007968 (Sup. Ct. Bronx Cnty. Nov.
   29, 2012) ...................................................................................................................6

*Kramsky v. Chetrit Group, LLC*,
   No. 10 CV 2638 (HB), 2010 WL 4628299 (S.D.N.Y. Nov. 16, 2010) ................................10

*Ostroski v. Town of Southold*,
   443 F. Supp. 2d 325 (E.D.N.Y. 2006) ......................................................................4

*Palencar v. NY Power Auth.*,
   No. 5:15-CV-857 (DNH), 2019 U.S. Dist. LEXIS 172410 (N.D.N.Y. Oct. 4,
   2019) .........................................................................................................................7

*Peace v. KRNH, Inc.*,
   12 A.D.3d. 914 (3d Dep't 2004) ...............................................................................8

*Reardon v. Keating*,
   980 F. Supp. 2d 302 (D. Conn. 2013) .....................................................................3

*Robinson v. Am. Int'l Group, Inc.*,
   08 Civ. 1724 (LAK), 2009 U.S. Dist. LEXIS 90801 (S.D.N.Y. Sept. 30, 2009) .....................4

*Semmler v. Cnty. of Monroe*,
   35 F. Supp. 3d 379 (W.D.N.Y. 2014) ......................................................................3

*Shah v. NY Presbyterian. Hosp.*,
   2019 NY Slip Op 32918[U], 2019 WL 4899031 (Sup. Ct. N.Y. Cnty. Oct. 4,
   2019) .........................................................................................................................8

*Soloviev v. Goldstein*,
   104 F. Supp. 3d 232 (E.D.N.Y. 2015) ......................................................................5

*Starikov v. Ceva Freight, LLC*,
   2015 NY Slip Op 32751[U], 2015 WL 13640431 (Sup. Ct. Nassau Cnty. May
   22, 2015) ...................................................................................................................8

*Stouter v. Smithtown Cent. Sch. Dist.*,
   687 F. Supp. 2d 224 (E.D.N.Y. 2010) ......................................................................4

*Tate v. Rocketball, Ltd.*,
   45 F. Supp. 3d 268 (E.D.N.Y. 2014) ........................................................................5

*Taylor v. City of N.Y.*,
   269 F. Supp. 2d 68 (E.D.N.Y. 2003) ........................................................................4

*Williams v. N.Y.C. Hous. Auth.*,
   61 A.D.3d 62 (1st Dep't 2009) .................................................................................5

NY28876/0001-US-9433588/7

**Statutes**

Americans with Disabilities Act ...................................................................................................1

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 2

New York City Human Rights Law............................................................................... *passim*

New York Labor Law .......................................................................................................1, 2, 6, 9

NYLL § 215 ...................................................................................................................2, 6, 9, 10

NYLL § 215(2)(a)......................................................................................................................10

NYLL § 740 ................................................................................................................... *passim*

NYLL § 740(2)(a).........................................................................................................................7

NYLL § 740(2)(3).........................................................................................................................6

NYLL § 740(7) ...........................................................................................................................10

New York State Human Rights Law ..................................................................................1, 2, 3, 5

Defendants Willie Grey, Chance Stewart, and Lloyd Hall (hereafter in the singular "Defendant _____" or collectively referred to as "Individual Defendants"), by counsel, Laura A. Watanabe, Esq., respectfully submit this Reply Memorandum of Law in support of their Motion to Dismiss Plaintiffs' Last Amended Complaint served on April 5, 2021 pursuant to Fed. R. Civ. P. 12(b)(6) (hereafter "12(b)(6) Motion" or "Motion"). Where applicable, Individual Defendants join in arguments made by Defendant UPS in its reply papers and adopt and incorporate all arguments contained therein to the extent not inconsistent with the arguments set forth herein.

## PROCEDURAL POSTURE

Plaintiffs have filed three complaints in this case. Each iteration of a complaint repeats what was recited in a preceding complaint. The last complaint was filed on February 19, 2021 (hereafter the "Last Amended Complaint" or "LAC"). Thereafter, the Individual Defendants served the instant 12(b)(6) Motion on April 5, 2021. Following the Motion, Plaintiffs Fari Murray, Daniel Moyle, and Roy Welsh withdrew the First (New York Labor Law - Overtime Claim), Second (New York Labor Law - Record Keeping Claim), Third (New York Labor Law - Wage Statement Claim), Fifth (NYSHRL & NYCHRL Constructive Discharge Claim), Ninth (Americans with Disabilities Act Claim), and Tenth (NYSDHR and NYCHRL Disability Discrimination Claims) Causes of Action (hereafter "COA") in their Memorandum of Law in Opposition to Individual Defendants William Grey, Chance Stewart, and Lloyd Hall's Motion to Dismiss Plaintiffs' Second Amended Complaint ("Plaintiffs' MOL" at 4) and opposed dismissal of the remaining COA. The remaining COA against Individual Defendants are: retaliation claims brought under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") (6th-7th COA); the aiding and abetting claims brought under the

NYCHRL (12th-14th COA); and New York Labor Law ("NYLL") claims brought pursuant to NYLL §§ 215 and 740 (16th COA).

## LEGAL STANDARDS FOR MOTION TO DISMISS

The legal standards for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure have been set forth previously in the Individual Defendants' Memorandum of Law dated April 5, 2021.

## ARGUMENT

**I. PLAINTIFFS MOYLE, WELSH, AND MURRAY'S FAILURE TO CHALLENGE OR ADDRESS INDIVIDUAL DEFENDANTS' ARGUMENTS TO DISMISS NYSHRL AND NYCHRL RETALIATION CLAIMS ARE A CONCESSION TO THEIR HAVING NO DEFENSE TO DISMISSAL OF THE REMAINING CLAIMS, OR OTHERWISE SHOULD BE DEEMED AS HAVING BEEN ABANDONED**

Plaintiffs Moyle, Welsh, and Murray entirely skirt the arguments made in the Motion to dismiss their NYCHRL and NYSHRL retaliation claims (Sixth and Seventh COA). Their sidestepping of the Motion and its merit is immediately apparent and failing to oppose the Motion's arguments, dismissal of the claims should either be deemed conceded or as having been abandoned.

Plaintiff Moyle does not answer or challenge the governing law that retaliation claims based on taking disability leave and reporting of a third-party injury are not protected activities under the NYSHRL or NYCHRL. (Plaintiffs' MOL at 5) *Hernandez v. Weill Cornell Med. Coll.*, 2015 NY Slip Op 51022(U), ¶ 1, 48 Misc. 3d 1210(A), 18 N.Y.S.3d 579 (Sup. Ct. Bronx Cnty. July 6, 2015) (a protected activity is the act of a person opposing any discriminatory practice that is forbidden under NYSHRL and NYCHRL); *Brummell v. Webster Cent. School Dist.*, 06-CV-6437, 2009 WL 232789, at *5 (W.D.N.Y. Jan. 29, 2009) ("… general complaints about employment concerns do not constitute protected activity under Title VII.").

2

Likewise, Plaintiff Welsh does not respond to the Motion's argument that dismissal of retaliation claims is warranted because "taking disability leave, filing a complaint concerning homophobia [in the absence of pleading his own sexual orientation], and requesting religious observance accommodations" are not protected activities under the NYSHRL or NYCHRL. (Plaintiffs' MOL at 5; LAC ¶ 318) *Id.*; *see also Semmler v. Cnty. of Monroe*, 35 F. Supp. 3d 379, 384-85 (W.D.N.Y. 2014). Nor do they claim that Individual Defendants Stewart or Hall were informed of or made aware of a complaint of protected activity. Whether they made "internal complaints via the 1800 hotline, complained to upper management, and contacted HR on several occasions" or baldly assert that "Defendants were aware of plaintiffs' protected activity" (Plaintiffs' MOL at 5) is of no consequence because in the absence of specific allegations showing Individual Defendants Stewart or Hall's knowledge of protected activity complaints, general conclusory statements fail to meet pleading standards. *Reardon v. Keating*, 980 F. Supp. 2d 302, 318 (D. Conn. 2013) (dismissing a retaliation claim where the complaint's "references to retaliation [were] conclusory boilerplate, without foundation or support in the [complaint's] factual allegations from which an intent to retaliate could plausibly be inferred."). Additionally, without proof of awareness, Plaintiffs Moyle and Welsh cannot establish a causal connection between the protected activity and the adverse action. *Acosta v. City of N.Y.*, 11 Civ. 8561 (KBF), 2012 WL 1506954, at **9-10 (S.D.N.Y. Apr. 26, 2012).

Finally, Plaintiff Murray fails to challenge or address the Motion's argument that his retaliation claim (Seventh COA) is fatally flawed because his complaints against Defendant Grey concerning theft of overtime, insurance fraud and accident cover-ups, and overtime are not protected activity under the NYCHRL. (Plaintiffs' MOL at 5-6) Further, even if he had alleged a protected activity, he does not present any supporting fact showing that Defendant Grey had

3

knowledge of a complaint of any protected activity or to demonstrate a causal connection between the particular complaint and retaliation. (Plaintiffs' MOL at 5-6; LAC ¶¶ 327, 329)

Having failed to answer or oppose the Motion's arguments to dismiss, the retaliation claims pleaded in the Sixth and Seventh COA should be dismissed as having been conceded or abandoned. *See*, *e.g.*, *Stouter v. Smithtown Cent. Sch. Dist.*, 687 F. Supp. 2d 224, 236 (E.D.N.Y. 2010) (Claim asserted in complaint but not addressed in response to defendant's summary judgment motion is deemed abandoned.); *Robinson v. Am. Int'l Group, Inc.*, 08 Civ. 1724 (LAK), 2009 U.S. Dist. LEXIS 90801, at *12 n.65 (S.D.N.Y. Sept. 30, 2009) (citing cases in which courts deemed Plaintiff to have abandoned claims where they failed to address them in opposition to a summary judgment motion) (citing cases); *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 340 (E.D.N.Y. 2006) ("Because plaintiff's opposition papers did not address defendants' motion for summary judgment on this claim, the claim is deemed abandoned and summary judgment could be granted on that basis alone.") (citing cases); *Taylor v. City of N.Y.*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."); *Arias v. NASDAQ/AMEX Mkt. Group*, 00 Civ. 9827 (MBM), 2003 WL 354978, at * 13 (S.D.N.Y. Feb. 18, 2003)(Where plaintiff's summary judgment opposition "neither refute[d] nor even mention[ed]" defendant's argument for summary judgment on two of his claims, those claims dismissed as "abandoned.").

## II. FAILING TO ADDRESS THE LEGAL INSUFFICIENCIES IN THEIR NYCHRL AIDING AND ABETTING CLAIMS, DISMISSAL OF CLAIMS IS PROPER AS HAVING BEEN CONCEDED OR ABANDONED, AND FOR THE REASON THAT NO UNDERLYING RETALIATION CLAIM IS ESTABLISHED

For the same reasons set forth in Section I, Plaintiffs Moyle, Welsh, and Murray's NYCHRL claims should be dismissed because either dismissal is conceded or the claims have been abandoned.

Moreover, Plaintiffs do not challenge or otherwise address how in the absence of a viable retaliation claim an aiding and abetting claim can lie. *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015) (under NYSHRL and NYHRL, there is "a requirement that liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor.") Indeed, Plaintiffs totally skirt the issue of their pleadings being derelict of any fact showing a shared intent or purpose between the principal actor (Defendant UPS) and Individual Defendants, without which an NYCHRL aiding and abetting cannot be sustained as they must demonstrate a partnership or community of purpose. *Tate v. Rocketball, Ltd.*, 45 F. Supp. 3d 268, 273-74 (E.D.N.Y. 2014).

With regard to Plaintiff Welsh's NYCHRL aiding and abetting claim, he offers no defense to or explanation for his claim failing to: 1) plead a predicate claim for religious discrimination to support an underlying claim of aiding and abetting; 2) state facts concerning his qualifications for the position; 3) state facts showing that he suffered an adverse employment action because of a religious conflicting with an employment requirement; or 4) state facts demonstrating that he was treated less well than others because of his religion. (Plaintiffs' MOL at 6) *Breitstein v. Michael C. Fina Co.*, 2016 NY Slip Op 31858(0), 2016 WL 5816210, *17-18 (Sup. Ct. N.Y. Cnty. Oct. 5, 2016); s*ee Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78 (1st Dep't 2009) (citing cases concerning element of proof that plaintiff was treated less well because of his religion).

5

Again failing to answer or oppose the Motion's arguments to dismiss claims, Plaintiffs' NYCHRL aiding and abetting claims in the Twelfth, Thirteenth, and Fourteenth COA, the claims should be dismissed as conceded or as having been abandoned. *See* relevant cases cited in Section I.

### III. PLAINTIFFS MOYLE, WELSH, AND MURRAY'S FAILURE TO CHALLENGE OR ADDRESS DISMISSAL OF NYLL CLAIMS SHOULD BE DEEMED A CONCESSION OR OTHERWISE REGARDED AS HAVING BEEN ABANDONED

As was the case with their retaliation and aiding and abetting claims, lacking any ability to contest dismissal of NYLL §§ 215 and 740 claims, Plaintiffs Moyle, Welsh, and Murray woefully attempt to but miserably fail in their effort to dodge the legal requirements for the claims to lie. Their failure to challenge the Motion's reasons for dismissal of the claims concede the lack of a defense to dismissal of NYLL claims or, in the alternative, should be deemed an abandonment of claims.

A. <u>NYLL § 740 Claims</u>

First, with respect to the § 740 claims (Sixteenth COA), Plaintiffs' claim that they raised DOT concerns with Human Resources and others within Defendant UPS' organization does not establish knowledge by any Individual Defendant of a protected activity. (Plaintiffs' MOL at 7; LAC ¶¶ 402, 404-405, 407) To hold an individual defendant accountable, it must be pleaded that the "'activity, policy or practice' disclosed - or threatened to be disclosed…must first have been brought by the whistle-blowing employee '<u>to the attention of a supervisor of the employer</u>….'" *Knighton v. Mun. Credit Union*, 2009 NY Slip Op 30204[U], \*5, 2009 WL 289668 (Sup. Ct. N.Y. Cnty. Jan. 12, 2009) (internal citations omitted) (emphasis added). Where "there is no allegation that [they] contacted "'a supervisor'…as required by Labor Law § 740(2)(3)," the § 740 claim must be dismissed. *Koehler v. Schervier N.C.C.*, 2012 NY Slip Op 33448[U], 2012 WL 10007968,

6

\*4 (Sup. Ct. Bronx Cnty. Nov. 29, 2012). Section 740 is strict in its requirement that reports to others is insufficient because for the claim to be actionable a plaintiff must have "(a) disclose[d], or threaten[ed] to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud." NYLL § 740(2)(a). In the absence of allegations that they disclosed alleged DOT violations to an Individual Defendant, no causal nexus is proven to establish that alleged adverse employment actions resulted from a disclosure or threatened disclosure. *Palencar v. NY Power Auth.*, No. 5:15-CV-857 (DNH), 2019 U.S. Dist. LEXIS 172410, at \*\*79-80 (N.D.N.Y. Oct. 4, 2019), citing *Rivera v. AffinEco LLC*, No. 16 Civ. 7621 (RJS), 2018 U.S. Dist. LEXIS 68923, at \*\*10-11 (S.D.N.Y. Mar. 26, 2018).

Second, Plaintiffs' conclusory allegation that their purported DOT safety concerns raised a public health or safety issue of the type recognized by NYLL § 740 fails because well-settled law requires a plaintiff to prove that he "engaged in an activity, policy, or practice that constituted an actual violation of law, rule, or regulation" for a § 740 claim to be established. *Khan v. State Univ. of N.Y. Health Sci. Ctr. at Brooklyn*, 288 A.D.2d 350 (2d Dep't 2001). A good-faith belief that an actual violation occurred, opinion or speculation is insufficient to sustain a § 740 claim. *Id.*; *see also Cotrone v. Consolidated Edison Co. of NY, Inc.*, 50 A.D.3d 354 (1st Dep't 2008). Here, while Plaintiffs' argument that "defendant's engaged in DOT violations for both the package delivery drivers and the on-road supervisors," "[made] complaints of dangerous 17-hour shifts were systemically quashed by defendants," "raised concerns with the HR defendant's unethical and dangerous practice of forcing on-road supervisors to violate DOT hours regulations," and "Defendant's alleged DOT violations constitute both an actual violation of the law and a

7

substantial threat to public health and safety" (Plaintiffs' MOL at 7; LAC ¶¶ 402, 404, 406-407), they offer nothing more than conjecture and opinion in the absence of any demonstrative fact showing a correlation between DOT hours violations and a "Tracy Morgan" tragedy.

DOT hours violations do not establish "a substantial and specific danger to the public health and safety" of the type recognized by courts. *See*, *e.g.*, *Cotrone*, 50 A.D.3d at 354-55 (concluding that leaving tanker trucks with hazardous materials unattended on a public street did not create a substantial and specific danger to the public health or safety for a § 740 claim); *Peace v. KRNH, Inc.*, 12 A.D.3d. 914, 914-16 (3d Dep't 2004) (finding allegations that a respiratory therapist documented false respiratory treatment and blood oxygen level checks that had not in fact been performed are "simply insufficient to establish the requisite threat to public health and safety" to support a § 740 claim); *Barber v. Von Roll U.S.A., Inc.*, No. 1:14-CV-907 (MAD/TWD), 2015 WL 5023624, at *14 (N.D.N.Y. Aug. 25, 2015), (acts and threats of violence and speculation of a danger of a mass shooting insufficient to support a § 740 claim); *Hughes v. Gibson Courier Servs. Corp.*, 218 A.D.2d 684 (2d Dep't 1995) (complaints concerning employment requirement that firearms be carried in violation of the penal law did not present an actual and substantial danger to the public health); *Katz v. Quality Bldg. Servs.*, 81 A.D.3d 558, 559 (1st Dep't 2011) (failure to check the legal employment status of applicants as required by the U.S. Immigration Reform and Control Act of 1986 as amended in 2006 did not create a substantial and specific danger to the public health or safety within the meaning of Labor Law § 740); *Shah v. NY Presbyterian. Hosp.*, 2019 NY Slip Op 32918[U] *4-6, 2019 WL 4899031, **12-13 (Sup. Ct. N.Y. Cnty. Oct. 4, 2019) (claim that hospital failed to abide by safety codes and New York State Department of Health regulations dismissed as not a substantial and specific danger to the public); *Starikov v. Ceva Freight, LLC*, 2015 NY Slip Op 32751[U], 2015 WL 13640431 (Sup. Ct. Nassau Cnty. May 22,

2015) (claim that conducting customs business without authority to do so could have allowed potentially dangerous products to enter the country improperly and illegally dismissed). Failing to meet the pleading requirements of some "actual violation of law, rule, or regulation" or a substantial and specific danger to the public health and safety, dismissal of § 740 claims is appropriate because Plaintiffs do not point to "a law, rule or regulation" violated by any Individual Defendant and instead rely upon speculation. *Khan*, 734 N.Y.S.2d at 93.

Finally, Plaintiffs' failure to oppose dismissal of the § 740 claims for statute of limitations reasons should be deemed as an abandonment of claims. Likewise, the lack of opposition to the Motion's argument to dismiss individual liability and for the reason that it is duplicative of other claims based on similar facts, the NYLL claims should be deemed as having been abandoned. *See* previously cited cases concerning abandonment of claims in Section I, *supra*.

B.   NYLL § 215 Claims

Since there are no viable underlying § 740 claims, § 215 claims should be dismissed in the absence of a NYLL violation being established. Without a viable underlying NYLL claim, a retaliation claim lacks a predicate basis for prosecution. *Chevalier v. Civ. Serv. Employees Assn.*, No. 1:10-CV-446 (FJS/DRH), 2011 WL 1298739, at *10 (N.D.N.Y. Mar. 31, 2011) (§ 215 claim dismissed where no underlying NYLL claim established).

Additionally, § 215 claims should be dismissed as neither Plaintiff Moyle nor Plaintiff Welsh allege that they complained of a NYLL violation to Individual Defendants Stewart or Hall. Likewise, neither of them allege that Individual Defendants Stewart and Hall were aware of any NYLL complaint being made to others.

Indeed, having failed to plead that either any Individual Defendant was informed by a Plaintiff of a DOT violation or that any Individual Defendant had knowledge of same (LAC ¶¶ 402, 404, 407), and for the additional reason that Plaintiffs do not oppose or challenge the

9

Individual Defendants' arguments in their Motion for dismissal of Plaintiffs' § 215 claims (Plaintiffs' MOL at 7), Plaintiffs Moyle, Welsh, and Murray's claims should be dismissed, or, at least, otherwise be deemed as having been abandoned. *See Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d. 295, 327 (2004) (participation in a protected activity must be known to defendant).

Moreover, having failed to allege when the retaliation occurred, it cannot be determined whether Plaintiffs filed their § 215 claims within the permissible two-year limitations period. NYLL § 215(2)(a).

In any case, the § 215 claims should be dismissed "because [they are] a thinly veiled recasting of the retaliation claim made pursuant to section 740." Section 740(7) clearly prohibits "claims that duplicate or overlap the statutory remedies for retaliation." *Kramsky v. Chetrit Group, LLC*, No. 10 CV 2638 (HB), 2010 WL 4628299, at *6 (S.D.N.Y. Nov. 16, 2010).

## CONCLUSION

For the reasons set forth above and in Individual Defendants' initial Motion papers, Defendants Grey, Stewart, and Hall respectfully move to dismiss with prejudice the Remaining COA in the Sixth, Seventh, Twelfth, Thirteenth, Fourteenth, and Sixteenth COA, and request that the LAC be dismissed in its entirety with prejudice.

Dated: May 19, 2021

                                          WITHERS BERGMAN LLP

                                By: _/s/ Laura A. Watanabe_____
                                        Laura A. Watanabe
                                        430 Park Avenue
                                        New York, New York 10022
                                        Tel: (212) 848-9800
                                        Laura.Watanabe@withersworldwide.com

                                        *Attorneys for Defendants Grey, Stewart, and Hall*