UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────x
FARI MURRAY,
DANIEL MOYLE,
ROY WELSH,
CARLOS PALAGUACHI,
AHMED RADWAN,
ROBERT SANTIAGO,
and
WARREN PAYNE,
*individually and on behalf of others similarly situated,*

                            Case Number 2:20-cv-01427-MKB-LB
     Plaintiffs    Hon. Margo K. Brodie

-against-

UNITED PARCELS SERVICE, INC.,
WILLIAM GREY,
CHANCE STEWART, and
LLOYD HALL

                         Defendants.
───────────────────────────────────x

**MEMORANDUM OF LAW IN OPPOSITION TO INDIVIDUAL DEFENDANTS WILLIAM GREY, CHANCE STEWART, and LLOYD HALL's MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

On the Brief:

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432
Email: Tblackburn@tablackburnlaw.com

1

## PROCEDURAL HISTORY

On March 18, 2020, Plaintiffs Fari Murray, Carlos Palaguachi, and Warren Payne filed a complaint against Defendant United Parcel Service (UPS), establishing wage and hour violations under both federal and New York state laws, as well as arguing civil rights violations under Title VII. On April 13, 2020, the complaint was amended, adding plaintiff Roy Welsh, naming individual defendants, and establishing property damage, negligent and intentional emotional distress, discrimination claims under the New York State Human Rights Laws (NYSHRL), and disability discrimination claims under the Rehabilitation Act and Americans with Disabilities Act (ADA). On February 19, 2021, Plaintiffs further amended the complaint to include Ahmed Radwan and Robert Santiago as plaintiffs, withdrawing several claims and adding claims under § 215 and 740 of the New York Labor Law (NYLL) and the common law unjust enrichment standard. Defendants have moved to dismiss Plaintiffs', and the Plaintiffs, in turn, oppose that 12(b)(6) claims.

    A.  Factual History

    I.    *Plaintiff Fari Murray*

Plaintiff Murray is an African American male from Westchester County, New York. (C. at ¶¶ 3). He served as a UPS employee for over fifteen years, from approximately January of 2003 to October 8, 2018. *Id.* at 4. Murray began his career as a UPS driver and was promoted to the role of On-Road Supervisor. He served in this role for a decade, consistently meeting the standards required in his role. *Id.* Plaintiff Murray raised concerns of gender and race-based wage discrimination, Department of Transportation (DOT) violations, massive overtime theft of delivery drivers, and other UPS management and HR abuses. *Id.* at 9. Specifically, Plaintiff Murray is prepared to show that UPS senior management stole hundreds of overtime hours from its drivers,

who routinely work 50-80 hours a week. *Id.* at 10, and systematically altered employees' punch-in and punch-out times. *Id.* Further, Plaintiff Murray is prepared to show that he received a 20% lower salary than his similarly qualified Caucasian coworkers. UPS management forced drivers to pay for accidents out of pocket instead of reporting accidents to UPS insurance. *Id.* Plaintiff Murray has sustained substantial psychological and monetary damages due to the hostile work environment at UPS and seeks whistleblower protections. *Id.* at 10.

  II. *Plaintiff Daniel Moyle*

Plaintiff Moyle is a veteran of the United States Marine Corp. and a former seven-year UPS employee. Like Plaintiff Murray, Plaintiff Moyle is prepared to show that UPS engaged in massive overtime theft of its delivery drivers. *Id.* at 23. Further, Plaintiff Moyle is prepared to show that UPS committed insurance fraud and accident coverups. *Id.* at 26. As a UPS employee, Plaintiff Moyle felt pressured to unethical and illegal activities to cheat workers, customers, and insurers. *Id.* at 23. While on short-term disability leave, Plaintiff Moyle was demoted and transferred to a UPS branch in upstate New York. *Id.* at 30. Like Plaintiff Murray, Plaintiff Moyle has suffered severe emotional distress due to the hostile work environment at UPS and seeks whistleblower protections. *Id.*

  III. *Plaintiff Roy Welsh*

Plaintiff Welsh is a former member of the United States Marine Corps and Israeli Defense Forces. *Id.* at 32. Like the two prior plaintiffs, Plaintiff Welsh witnessed massive overtime theft and DOT hours of service violations, management readiness exam cheating, and fraudulent reporting of accidents. *Id.* at 33. Further, Plaintiff Welsh claims that he was the victim of a homophobic slur and was prohibited from attending Shabbat Dinner. *Id.* at 36-67. As both a homosexual and Jewish man, Plaintiff Welsh found this behavior deeply hurtful. Plaintiff Welsh

3

resigned from his position at UPS roughly two months after these incidents. *Id.* at 38. Like the two prior plaintiffs, Plaintiff Welsh has suffered severe psychological distress due to the hostile work environment present at UPS. *Id.* at 39. He also seeks whistleblower protections. *Id.*

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure cannot be granted unless a complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009); *see also* Fed R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d. Cir. 2015) (quoting *Jaghory v. NY State Dep't of Educ.*, 131 F.3d 326, 329 (2d. Cir. 1997)). Regarding discrimination claims, courts require only that plaintiffs' claims "provide an outline of what is necessary to render [employment discrimination] claims for relief plausible." *Pahuja v. Am. Univ. of Antigua*, 11 Civ. 4607, 2012 US Dist. (SDNY December 18, 2012) (quoting *Somersett v. City of New York*, 2011 US Dist. (SDNY June 28, 2011)).

## ARGUMENT

### I, II, III, and V. PLAINTIFFS WITHDRAW THE NYLL, FEDERAL DISCRIMINATION, DISABILITY DISCRIMINATION, and CONSTRUCTIVE DISCHARGE CLAIMS AGAINST INDIVIDUAL DEFENDANTS.

Regarding defendants' first, second, third, and fifth arguments, the plaintiffs withdraw the claims against individual defendants.

**PLAINTIFFS MOYLE, WELSH, AND MURRAY PRESENT FACTS TO SATISFY THE PLEADING STANDARD FOR RETALIATION UNDER THE NYSHRL AND THE NYCHRL**

Plaintiff Moyle, Welsh, and Murray present facts necessary to satisfy the pleading standard for retaliation under the NYCHRL.

A retaliation claim under the NYCHRL a retaliation claim is established so long as the plaintiffs show that "(1) he or she engaged in protected activity as that term is defined under the NYCHRL, (2) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct.

Under the NYCHRL, "a plaintiff need not establish that the alleged retaliation or discrimination 'result[ed] in an ultimate action concerning employment… or in a materially adverse change in the terms or conditions of employment so long as 'the retaliatory or discriminatory act… [was] reasonably likely to deter a person from engaging in protected activity" *Brightman v. Prison Health Serv., Inc.*, 108 A.D.3d 739, 739 970 NYS 2d 789 (quoting Administrative Code § 8-107[7]). Further, the NYCHRL should be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Albunio v. City of New York*, 16 N.Y.3d 472, 477-78, 922 N.Y.S.2d 244, 947 N.E.2d 135 (2011).

Here, the plaintiffs did engage in protected activity. Plaintiffs Moyle and Welsh made internal complaints via the 1800 hotline, complained to upper management, and contacted HR on several occasions. (C. at ¶¶ 50). Plaintiff Welsh also filed complaints concerning homophobia and religious observance discrimination, protected under the NYCHRL. *Id.* at 52. Plaintiff Murray filed a complaint with HR concerning his race-based wage discrimination claims. *Id.* at 53. All employees informed their supervisors of the complaints in question. *Id.* Defendants were aware of plaintiffs' protected activity, and complaints were documented with HR. *Id.*

Further, all three plaintiffs suffered adverse action based on their activity. Plaintiffs Moyle and Welsh allege that the defendant corporation took several adverse actions against them, including write-ups, heightened scrutiny, denial of disability requests, egregious hour and shift assignments, and refusal of a right to religious observance (Shabbat Dinner). *Id.* at 51. Plaintiff Murray was terminated after raising the discrimination claims. *Id.* at 53.

Further, plaintiff Murray's claims meet the standard for causal connection through temporal proximity, as his termination occurred within one month of his complaint. *Id.* at 53.

For the reasons above, all three plaintiffs present the necessary facts to satisfy the pleading standard for retaliation under the NYCHRL.

## VI. PLAINTIFFS MOYLE, MURRAY, AND WELSH HAVE MET THE NYCHRL STANDARD FOR AIDING AND ABETTING CLAIMS

According to NYC Admin. Code § 8-107(6) Aiding and abetting, it shall be unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or attempt to do so. As previously mentioned, each Plaintiff provides facts claiming that the defendants implemented adverse work conditions upon the plaintiffs following their protected activity. Plaintiffs Moyle and Welsh suffered severe depression and anxiety, causing their resignations, while Plaintiff Murray was terminated from his position. (C. at ¶¶ 59-61). Temporal proximity evidences the causal connection between each Plaintiff's resignation or termination and the adverse work conditions that the defendants placed upon them. *Id.* The implementation of these adverse work conditions evidences Defendant's prohibited conduct set forward above.

For these reasons, all three plaintiffs have met the NYCHRL standard for aiding and abetting claims.

6

**PLAINTIFFS MOYLE, WELSH, AND MURRAY HAVE PROVIDED EVIDENCE OF A VIOLATION OF NEW YORK LABOR LAW § 740 AND 215**

The plaintiffs here have provided evidence of a violation of NYLL § 740 and 215. To maintain an action under § 740, an employee must "plead and prove that the employer engaged in an activity, policy, or practice that constituted an actual violation of law, rule, or regulation." *Khan v. State Univ. of New York Health Science Ctr. at Brooklyn*, 288 A.D.2d 350, 350 734 N.Y.S.2d 92 (2d Dept. 2001). To recover under NY Lab. Law § 740, plaintiffs must show that he reported or threatened to report the employer's activity, policy, or practice, but need not claim that he cited any particular law, rule, or regulation at the time that the Plaintiff made a report. *Tondra v. Kadmon Holdings, Inc.*, 405 F. Supp. 3d 576, 579 (S.D.N.Y 2019); *see also Barker v. Peconic Landing*, 885 F.Supp.2d 564, 571 (E.D.N.Y. 2012); *see also Villarin v. Rabbi Haskel Lookstein School*, 96 A.D.3d 1, 942 N.Y.S.2d 67 (1st Dep't.2012).

According to § 215 and 740, plaintiffs' claims are authorized and instituted based upon defendants' dangerous and potentially deadly employment practices. Specifically, plaintiffs complain that defendants engaged in DOT violations for both the package delivery drivers and the on-road supervisors. Here, complaints of dangerous 17-hour shifts were systemically quashed by defendants. (C. at ¶¶ 16). Here, all three plaintiffs raised concerns with the HR defendant's unethical and dangerous practice of forcing on-road supervisors to violate DOT hours regulations. *Id.* at 63-64. All three plaintiffs provide evidence of retaliatory behavior on behalf of the defendants, as previously mentioned. Defendant's alleged DOT violations constitute both an actual violation of the law and a substantial threat to public health and safety. For these reasons, the plaintiffs meet the standard set in *Tondra* and have provided evidence of § 215 and 740 violations.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's respectfully request that the court denies Defendant's motions to dismiss.

May 5, 2021

*Tyrone A. Blackburn, Esq.*

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
(347) 342-7432
Email: Tblackburn@tablackburnlaw.com

8