

430 Park Avenue, 10th Floor, New York, New York 10022-3505
t: +1 212 848 9800
f: +1 212 848 9888
www.withersworldwide.com

August 13, 2021

**VIA ECF**

The Honorable Margo K. Brodie
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *Murray et al. v. United Parcel Service, Inc. et al.*, No. 20-cv-01427 (E.D.N.Y.)

Dear Judge Brodie:

    We write on behalf of individual defendants Willie Grey, Chance Stewart and Lloyd Hall (collectively, "Individual Defendants") in response and opposition to Plaintiffs' letter dated August 9, 2021, seeking leave from the Court to supplement their opposition to Defendants' Motions to Dismiss the Last Amended Complaint ("LAC")[1] pursuant to Fed. R. Civ. P. 12(B)(6). (Dkt. Nos. 62). Although in doing so, it would appear that in addition to seeking to supplement their opposition to Defendants' Motions to Dismiss the SAC, Plaintiffs might also have been attempting to further amend their SAC in violation of the Court's Order dated January 20, 2021. However, notably, by letter of this evening's date, Plaintiffs' counsel categorically denies that they are seeking to further amend their SAC. (Dkt. No. 64). For the reasons set forth herein, and as set forth in Defendant UPS' letter of today's date, Individual Defendants respectfully request that this Court deny Plaintiffs' request(s) in their entirety.

**Procedural Background**

    This case was commenced on March 18, 2020 by the filing of Plaintiffs' initial Complaint. (Dkt. 1.) On April 13, 2020, Plaintiffs filed a First Amended Complaint ("FAC"). (Dkt. No. 5). Thereafter, in accordance with the Court's July 23, 2020 Scheduling Order, Defendants sought leave to file motions to dismiss, which the parties fully briefed and submitted on December 14, 2020. (Dkt. No. 34).

    The next day, on December 15, 2020, eight (8) months after Plaintiffs had filed their FAC, and after all responsive papers in connection with Defendants' Motions to Dismiss had been filed, in a belated attempt at the eleventh hour to circumvent a pending decision on the Motions and avoid dismissal of their claims, Plaintiffs' counsel filed a Pre-Motion letter requesting leave to file a proposed SAC (Dkt. No. 35). Then, on December 21, 2020, Plaintiffs' counsel sought further leave to amend their amended complaint. (Dkt. No. 36).

---

[1] While in their Motion to Dismiss, Individual Defendants referred to the further amended complaint filed by Plaintiffs on February 19, 2021 as the Last Amended Complaint ("LAC") because of the various iterations of Plaintiffs' Second Amended Complaint(s) ("SAC"), for purposes of the instant motion, we will refer to it herein as the SAC.

Withersworldwide
London  Cambridge  Geneva  Milan  Padua
Hong Kong  Singapore  Tokyo  British Virgin Islands
New York  Boston  Greenwich  New Haven
San Francisco  Los Angeles  Rancho Santa Fe  San Diego

At that time, Defendants opposed Plaintiffs' last-minute attempt to avoid dismissal of their claims as the motions to dismiss to the FAC had been fully briefed in accordance with the Court's first scheduling order. Defendants further objected because, among other things, Plaintiffs failed to show how their proposed SAC would cure any of the deficiencies in the earlier amended complaint(s). Nevertheless, while Defendants attempted to resolve the issue with Plaintiffs without court intervention to avoid further unnecessary attorney time and expense, such efforts were futile.

As a result, on January 11 and 12, 2021, counsel for Defendants requested a pre-motion conference from the Court so that the issue(s) could be properly addressed, which the Court granted to be held on January 20, 2021. During this January 20th pre-motion conference, the Court asked Plaintiffs' counsel how much time he needed in order to submit Plaintiffs' final amended complaint. Plaintiffs' counsel requested until February 19, 2021, which the Court granted.

Having granted Plaintiffs the opportunity to further amend their amended complaint, the Court issued a new scheduling order wherein: (i) Plaintiffs were to file their final amended complaint by February 19, 2021; (ii) Defendants were to serve their motions to dismiss Plaintiffs' further amended complaint by April 5, 2021; (iii) Plaintiffs' opposition to Defendants' motions to dismiss their further amended complaint were to be served by May 5, 2021; and (iv) Defendants were to file their reply papers along with submitting all motion papers to the Court by May 19, 2021. (*See* January 20, 2021 Minute Order). Notably, pursuant to the Minute Order, the Court ordered a final date for Plaintiffs to amend their amended complaint "with the understanding that Plaintiffs will not be granted further leave to amend." (January 20, 2021 Minute Order).

Now, nearly 18 months since Plaintiffs filed the instant action, and almost three (3) months since all papers in connection with Defendants' Motions to Dismiss Plaintiffs' SAC were fully briefed and submitted for decision, it once again appears that Plaintiffs seek to end-run the Court's second scheduling order by requesting to submit additional documentation outside the four corners of the SAC in a veiled attempt to avoid dismissal of their claims.

**Plaintiffs' Request to Supplement Is A Further Attempt to Cause Unnecessary Delay and What Appears to Be a Veiled Attempt to Further Amend Their SAC In Violation of this Court's January 20 2021 Scheduling Order**

As counsel for Defendant UPS aptly pointed out, "[A] Rule 12(b)(6) motion is addressed to the face of the pleading." *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985). Thus, because Plaintiffs' counsel's August 13, 2021 letter makes clear that Plaintiffs do not seek to amend their SAC, whether by including the documents annexed to Plaintiffs' August 9th letter or otherwise, this proffered documentation should not be considered in considering Defendants' Motions to Dismiss. However, to the extent that Plaintiffs were to later attempt to take a contrary position, the Court's January 20, 2021 Order makes clear that Plaintiffs are not permitted to do so, and thus, should, in any event, be of no legal effect. (*Id.*)

Moreover, in trying to supplement their Opposition to Defendants' Motions to Dismiss and submit voluminous declarations and exhibits, it would have appeared that Plaintiffs were effectively trying to do just that. Plaintiffs' application is a complete hindrance to judicial efficiency. *Andrews v. Freemantlemedia N.A., Inc.*, 2014 WL 6686590, at *14 (S.D.N.Y. Nov. 20, 2014) (explaining that courts should not abuse the pleading process through excessive amendments, recognizing the court's ability to reject excessive amendments, and recognizing that courts routinely set a final time and opportunity for plaintiffs to amend). But again, at this time, Plaintiffs deny that to be the case.

Additionally, where there has been bad faith or dilatory motives or where the amendment would be futile or would cause undue delay or prejudice, leave should be denied. *See e.g. Henneberry v. Sumitomo Corp. of AM.*, 532 F. Supp.2d 523 (S.D.N.Y. 2007). Here, not only is the delay highly prejudicial to Defendants given the continued inexcusable and unreasonable delays by Plaintiffs since the filing of two Motions to Dismiss once papers were to be fully briefed nearly three months ago. As such, the Court should deny their request as significantly untimely and in violation of the Minute Order.

Further, Plaintiffs fail to show how their proposed SAC would cure any of the deficiencies as pertains to the claims against the Individual Defendants. "A plaintiff need not be given leave to amend if it fails to specify…how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2014); *see e.g. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 n. 71 (2d Cir. 2014) (denying leave to amend where "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend"); *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53-54 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.").

Indeed, neither the SAC nor the documents Plaintiffs now seek to submit to supplement their opposition to Defendants' Motions to Dismiss do not address the substantive deficiencies in the claims asserted against the Individual Defendants. The proposed supplemental documents Plaintiffs seek to submit as part of their opposition to Defendants' Motions to Dismiss fail to plausibly plead facts to establish, *inter alia*, that: (i) Plaintiffs were engaged in "protected activity"; (ii) Individual Defendants took any adverse action(s) against them because of any purported "protected characteristic"; (iii) Individual Defendants had a "shared intent or purpose" with Defendant UPS to discriminate against Plaintiffs; or (iv) individual liability should be imposed against the Individual Defendants. Instead, like their SAC, the proposed documents attached as part of Plaintiffs' August 9, 2021 letter to the Court have little, if any, relevance to the claims asserted against the Individual Defendants. Moreover, they rely upon conclusory language and "vague, generalized allegations which do not specify which individuals said [or did] what" or "when" [the alleged incidents purportedly occurred]." *See Buie v. City of New York*, 2014 U.S. Dist. LEXIS 204374 *12 (E.D.N.Y. 2014). For that reason, granting leave to submit these supplemental materials and/or to file an amended complaint at this late juncture would be futile because their claims will not survive a motion to dismiss. *Dougherty, 282 F.3d 83, 88 (2d Cir. 2002)*.

Finally, the Individual Defendants seek to avoid any further attempt by Plaintiffs to do what they did after the first and second scheduling orders, which is to make yet another belated attempt at the eleventh hour to circumvent a pending decision on the Motions and avoid dismissal of claims. No frustration of the Motions should be permitted at this late stage. *See Leullen v. Hodge*, No. 11-CV-6144P (MWP), 2013 U.S. Dist. LEXIS 141484 (W.D.N.Y. Sept. 30, 2013) (granting leave to amend would benefit Plaintiff by allowing him to file an Amended Complaint after being advised of deficiencies in his complaint).

For the above reasons, and as set forth in Individual Defendants' Motion to Dismiss and Reply to Plaintiffs' Opposition to Defendants' Motions to Dismiss, the Individual Defendants respectfully submit that leave to supplement Plaintiffs' opposition papers and/or any further relief should be denied as the Motions were fully submitted and before the Court for determination and Plaintiffs have had more than ample time within which to do so.

                                                Very truly yours,

                                                *Laura A. Watanabe*
                                                Laura Watanabe

cc:    All counsel of record (via ECF)